IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(AT CINCINNATI)

| | |
|---|---|
| KAREN FLYNN AND ANTHONY OULAHAN | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:05CV289 (HJW)(TSH) ) |
| MORTGAGEIT, INC. | ) ) ) |
| Defendant | ) |

## STIPULATED PROTECTIVE ORDER

1. Karen Flynn and Anthony Oulahan (collectively "Plaintiffs") and MortgageIT, Inc. ("Defendant"), through their undersigned counsel, agree that this protective order shall govern the exchange of information between the parties in the above-captioned matter.

2. During the course of this lawsuit, Plaintiffs and Defendants may exchange information through discovery or otherwise, or may receive information from a third party pursuant to subpoena, which either Plaintiffs or Defendant may regard as confidential. Information that is produced in this matter in written or any other recorded form (including without limitation correspondence, discovery responses, deposition transcripts and "documents" as defined under Fed. R. Civ. P. 34 and Local Civ. R. 26.3) shall be designated as protected by marking said information as "CONFIDENTIAL," and by identifying the basis for determining that said information is confidential (*e.g.*, proprietary or personal information contained in the information produced). A producing party may designate

-6-

material as protected and identify the basis for the designation through any of the following methods: (i) mark the word CONFIDENTIAL and the basis for the designation on each page of the document that contains confidential information or (ii) notify the other party in writing of the Bates-numbered pages (if such numbers have been placed on that document) that contain confidential information and/or the basis for the designation. To the extent that information is stored or recorded and produced in electronic or magnetic form (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), the producing party may designate such material as CONFIDENTIAL and the basis by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter identifying such matter and designating it as CONFIDENTIAL. Where information is exchanged orally, one party may advise the opposing party orally that the information is confidential, the basis for the designation and confirm the designation and the basis in writing that such information has been designated as CONFIDENTIAL. The non-producing party may designate information as CONFIDENTIAL and the basis for the designation within thirty days following receipt, using the same procedures described above in this paragraph.

3. If any party challenges the basis for the designation of any information as CONFIDENTIAL, then that party may file a motion with the Court to determine whether such information shall remain confidential. Before seeking the intervention of this Court, however, the parties will attempt to resolve any challenge to such CONFIDENTIAL designation in good faith. Pending a ruling by the Court, the information for which the

CONFIDENTIAL designation has been challenged shall retain the CONFIDENTIAL designation and be treated as such under this Stipulated Protective Order.

4. Defendants hereby designate any and all of their non-public policies, procedures, compensation and personnel information (including but not limited to the names, addresses, phone numbers or other contact information of current or former employees of Defendants and any documents relating directly or indirectly to their employment), other than Plaintiffs' own compensation and personnel information, as CONFIDENTIAL.

5. In the event a party deems it necessary to preserve the confidentiality of all or a portion of a witness's testimony (whether by declaration, affidavit, testimony at deposition or otherwise), that party may designate such testimony as CONFIDENTIAL either on the record at hearing or by letter to counsel for the other parties within 30 days after its receipt of the transcript or written statement. In the event that only certain portions of the testimony contain, reveal or reflect confidential information, only those portions shall be so designated.

6. To the extent any papers filed with the court in this case or during any appeal of a decision in this matter or any transcripts of any court hearing or other materials contain information or documents previously designated as CONFIDENTIAL, such papers and/or transcripts shall be filed and kept under seal until further order of the Court; provided that the information shall be available to the Court and to the parties and their counsel of record.

7. All material designated as CONFIDENTIAL in accordance with this Protective Order shall be used only for the purposes of prosecuting or defending the claims in

this proceeding and/or any appeal therefrom, and such information shall not be used or disclosed by the non-producing party for any other purpose. A non-producing party may not disclose confidential information as permitted by this protective order except through counsel. Counsel for the non-producing parties may disclose material designated as CONFIDENTIAL in accordance with this Protective Order only to:

a.) Attorneys of record representing the parties in the above-captioned cases, as well as any employees, associates, or partners of the attorneys of record to whom it is necessary that information designated CONFIDENTIAL information be disclosed, provided that said persons are involved in the prosecution or defense of the litigation or the mediation;

b.) The parties, provided however that no such disclosure shall be made unless and until that each such party, including all individuals who join the lawsuit as plaintiffs at any time, has read this Protective Order and has signed Exhibit A attached hereto;

c.) Any outside consultant, including any expert witness, retained or employed by any party or its attorneys of record in the litigation for the purpose of assisting with the preparation of this case for trial; provided however that no such disclosure shall be made unless and until that any such person has read this Protective Order and has signed Exhibit A attached hereto;

d.) Persons noticed for deposition or designated as trial witnesses, but <u>only to the extent</u> that (i) they prepared or assisted in the preparation of the particular CONFIDENTIAL information, or (ii) the particular CONFIDENTIAL information was addressed, accessible, circulated, or shown to them in the ordinary course of business or

-6-

specifically referred to them, to the extent reasonably necessary in preparing to testify, or in the course of testifying; as well as their counsel, provided however that no such disclosure shall be made unless and until such person has read this Protective Order and has signed Exhibit A attached hereto;

      e.) Any other person who is designated as a qualified person by stipulation of the parties or order of the Court, after notice to all parties;

      f.) The Court in which this action is pending and its support personnel and any court reporter in transcribing a court hearing, mediation, or deposition; and

      g.) Any outside litigation consultant (*e.g.*, jury consultants or graphic artists) when retained by counsel for a party to assist in the prosecution or defense of the litigation or the mediation, provided however that no such disclosure shall be made unless and until such person has read this Protective Order and has signed Exhibit A attached hereto.

      8. Inadvertent disclosure of any information or document shall not waive the confidential nature of the information or document or any applicable claim of privilege with respect to such information or document. This provision will only apply if the inadvertent disclosure is brought to the attention of the receiving counsel by the producing counsel within a reasonable period of time after the producing counsel learns of the inadvertent disclosure.

      9. Within forty-five (45) days after the entry of an order, judgment, or decree terminating the above-captioned lawsuit (including any related court proceedings or appeals), all material designated as CONFIDENTIAL in accordance with this Protective Order shall be returned to counsel for the producing party upon request by counsel, except that those

documents containing attorney notes and/or work product may be destroyed in lieu of returning the documents. Counsel for each party will certify in writing to counsel for the other parties that all CONFIDENTIAL documents have been returned to counsel for the producing party or, where applicable, destroyed.

10. Nothing herein prevents a producing party from making whatever use it deems appropriate of its own documents and information, regardless of whether such documents and/or information have been designated as CONFIDENTIAL.

11. This Protective Order between the parties and their counsel shall remain in force and effect upon execution of this Protective Order by counsel or the parties until modified, superseded or terminated in writing.

12. This Protective Order may be signed in counterparts.

Dated: September 8, 2005

s/James B. Zouras
Daniel K. Touhy
James B. Zouras
Ryan F. Stephan
Touhy & Touhy, Ltd.
161 North Clark Street
Suite 2210
Chicago, IL 60601
Tel: (312) 372-2209
Fax: (312) 456-3838
Email: ███████@████████.███

*Counsel for Plaintiffs*


OF COUNSEL:

James Papakirk (0063862)
Eugene H. Johnson (0077933)
PRATT SINGER PAPAKIRK
301 N. Breiel Boulevard
Middletown, Ohio 45042-3868
(513) 705-9000 (telephone)
(513) 705-9001 (facsimile)
████████@████████.███

████████@████████.███


Erik H. Langeland
Erik H. Langeland, P.C.
730 Fifth Avenue, 9th Floor
New York, NY 10019
Tel: (212) 659-7774
Fax: (212) 898-9086

SO ORDERED:

Respectfully submitted,

s/Douglas C. Proxmire
Sally D. Garr, Esq.
Douglas C. Proxmire, Esq.
Patton Boggs, L.L.P.
2550 M Street, N.W.
Washington, D.C. 20037
(202) 457-6000 (phone)
(202) 457-6315 (fax)
*Counsel for Defendants*


OF COUNSEL:

Robert J. Hollingsworth, Esq.
Cors & Bassett, LLC
537 East Pete Rose Way, Suite 400
Cincinnati, Ohio 45202
(513) 852-8200 (phone)
(513) 852-8222 (fax)

_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(AT CINCINNATI)

| | |
|---|---|
| KAREN FLYNN AND ANTHONY OULAHAN ) ) ) ) | |
| Plaintiffs, ) ) ) | |
| v. ) ) ) | Case No. 1:05CV289 (HJW)(TSH) |
| MORTGAGEIT, INC. ) ) ) | |
| Defendant ) | |

### EXHIBIT A
### ACKNOWLEDGMENT OF CONFIDENTIALITY

I understand that confidential documents, testimony and/or information may be revealed to me for purposes of the above-captioned lawsuit. I have been advised that, by agreement among Karen Flynn and Anthony Oulahan (collectively "Plaintiffs") and MortgageIT, Inc. (collectively "Defendants"), as so ordered by the Court, such documents, testimony and/or information may not be used for any purposes other than the prosecution or defense of said lawsuits.

I hereby certify that I have read the Stipulated Protective Order entered in these lawsuits. I agree to maintain the confidentiality of any documents, testimony and/or information provided to me and otherwise to abide by the terms of the Stipulated Protective Order.

I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony and/or information will be treated as a breach of the Stipulated Protective Order for which I may be liable for damages.

Dated: _____

_____
PRINT NAME

_____
SIGNATURE